FAIRBANKS, MORSE & CO. v. MacELHINNY.

(Supreme Court, Appellate Term. November 10, 1911.)

SALES (§ 279*)—WELL CONTRACTS—WARRANTIES.

A contractor to install a pumping outfit, who warrants that the outfit will give the owner a specified number of gallons of water per minute, does not warrant the capacity of the well of the owner, though the con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tractor sent his agent to the premises before the outfit was installed; and, to show a breach of contract, the owner must prove that the outfit was not as warranted, and the mere fact that he did not get the specified quantity per minute does not show a breach, in the absence of evidence of the capacity of the well.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 783–792; Dec. Dig. § 279.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Fairbanks, Morse & Co. against James A. MacElhinny. From the judgment of the Municipal Court for defendant, after trial by the court without a jury, plaintiff appeals. Reversed, and new trial ordered.

Argued before SEABURY, GUY, and COHALAN, JJ.

Oliver C. Reynolds (George H. Richards, of counsel), for appellant. James A. MacElhinny (William C. Davis, of counsel), for respondent.

SEABURY, J. This action was brought to recover $163, under a contract to furnish and install a pumping outfit at the defendant's residence. The terms of the contract are expressed in a letter of the plaintiff to the defendant, which, so far as it is material, provides as follows:

"To furnish 1 outfit #140, 2 H. P. Fairbanks-Morse Jack-of-all-Trades gasoline engine, with walking beam, complete as per page 26 of our catalogue No. 80 D; price, one hundred and sixty-three ($163.00) dollars. The above price includes the installation of the engine, also a new pump head; it being understood that we are to furnish all the necessary labor and material for doing the above at your place at Port Washington, L. I. This outfit will give you in the neighborhood of twelve gallons per minute."

It was proved that the "outfit" was installed, and that it did not supply the defendant with 12 gallons of water per minute when in operation. Upon this proof the court below awarded judgment for the defendant.

There was no satisfactory evidence as to the capacity of the well, and the evidence which was offered on this subject indicated that the reason why the required amount of water was not supplied was because of the condition of the well. Under the terms of the contract the plaintiff did not warrant the capacity of the defendant's well. The plaintiff was under no obligation to test the well, and the fact that it sent an agent to the defendant's premises before it installed the engine does not justify the inference that the agent was engaged in testing the capacity of the well. In order to establish that the plaintiff was guilty of a breach of the contract, it was necessary for the defendant to prove that the engine was not as warranted. In the absence of evidence as to the capacity of the well, the mere fact that the defendant did not get 12 gallons per minute was insufficient to establish a breach of contract by the plaintiff.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes